IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG DUONG NGUON, | No. 2:12-CV-1913-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TIM V. VIRGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 16).

**I.  BACKGROUND**

Petitioner is serving a sentence of life plus three years following a 1997 conviction for kidnaping and robbery with use of a firearm.  He challenges a 2010 determination by the Board of Parole Hearings ("Board") finding him unsuitable for parole and deferring any further parole hearings for seven years pursuant to Proposition 9, commonly known as "Marsy's Law."  In his petition, petitioner raises 44 claims alleging: (1) the Board's denial of parole

1

violated his due process rights;[1] (2) he received ineffective assistance of counsel at the parole hearing; (3) the seven-year deferral under Marsy's Law violates the Ex Post Facto Clause; and (4) his term is disproportionate to the crime, in violation of the Eighth Amendment.

## II.  DISCUSSION

In his motion to dismiss, respondent argues that none of petitioner's claims is cognizable.

### A.  Due Process Claims

The court agrees with respondent that petitioner's due process claims should be dismissed because they are not cognizable.  Reversing the Ninth Circuit's decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the United States Supreme Court observed:

> Whatever liberty interest exists [in parole] is, of course, a *state* interest.  There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.  Id. at 7.  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .
>
> Swarthout v. Cooke, 562 U.S. ___, 131 S. Ct. 859, 862 (2011) (per curiam) (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)) (emphasis in original).

The Court held:

> . . . In the context of parole, we have held that the procedures required are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  442 U.S. at 16.  "The Constitution," we held, "does not require more."  Ibid.  Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.  (citations omitted).

---

[1] Petitioner also couches as an equal protection claim what is really a due process claim challenging the Board's findings regarding the suitability of petitioner's plans upon release.

1  That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cook and Clay received due process. . . .

Id.

The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." Id. at 862-63 (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)).  Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard.  There is no other clearly established federal constitutional right in the context of parole.

In this case, petitioner claims that his federal due process rights were violated in a number of ways.  As discussed above, it is not the place of the federal court to rule on how California's parole standard has been applied except to inquire as to the basic procedural guarantees – whether petitioner was provided notice and an opportunity to be heard.  To the extent petitioner claims that he was denied procedural protections required by the federal constitution, the record clearly establishes that petitioner was provided with the basic Greenholtz protections of notice and an opportunity to be heard.[2]  Because the federal constitution requires nothing more in the parole context, petitioner's due process claims should be dismissed.

/ / /

/ / /

/ / /

---

[2] Petitioner states in his opposition to respondent's motion to dismiss that he does, in fact, claim that he was not provided these basic procedural guarantees.  Petitioner, however, attaches to his petition a copy of the transcript of the 2010 parole hearing at issue which clearly shows that petitioner received notice of the hearing, was present, was provided an opportunity to testify, and was represented by counsel.

3

### B. Ineffective Assistance of Counsel Claims

The court also agrees with respondent that petitioner's various claims that he received ineffective assistance of counsel at the 2010 parole hearing are not cognizable because California prisoners do not have a constitutional right to counsel at parole hearings. See Dorado v. Kerr, 454 F.2d 892, 897 (9th Cir. 1972); see also Bonin v. Calderon, 59 F.3d 815, 842 (9th Cir. 1995).

### C. Eighth Amendment Claim

Setting aside for the moment any issues regarding the timeliness of a disproportionality challenge to a sentence handed down in 1997, the court lacks jurisdiction to even consider such a claim in this case. In Lockyer v. Andrade, the Supreme Court concluded that habeas relief was not available on a claim that two consecutive sentences of 25 years to life in prison constituted cruel and unusual punishment because there is no clearly established Supreme Court precedent. See 538 U.S. 63, 72 (2003). The Court stated:

> Our cases exhibit a lack of clarity regarding what factors may indicate gross disproportionality. . . .  [¶] Thus . . . the only relevant clearly established law amenable to the "contrary to" or "unreasonable application of" framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the "exceedingly rare" and "extreme" case.

Id. at 72-73.

In Rummel v. Estelle, the Supreme Court upheld an indeterminate life sentence where the defendant had obtained $125.70 by false pretenses and had two prior serious felony convictions. See 455 U.S. 263, 285 (1980). In Harmelin v. Michigan, the Court upheld an indeterminate life sentence where the defendant possessed 650 grams of cocaine. See 501 U.S. 957, 1009 (1983). And in Ewing v. California, the Court rejected an Eighth Amendment argument where the defendant had been sentenced to 25 years to life for grand theft with prior serious felony convictions. See 538 U.S. 11, 30-31 (2003). Given that petitioner was convicted of kidnaping and robbery with use of a firearm, which are violent crimes, the court cannot say

4

1  that petitioner's sentence of life plus three years is extreme in comparison with the crimes and
2  sentences considered by the Supreme Court in Rummel, Harmelin, and Ewing.
3         The court agrees with respondent that petitioner's Eighth Amendment claim
4  should be dismissed.

       **D.**    **Marsy's Law Claim**

6         Finally, petitioner claims that application of Marsy's Law – which was enacted
7  after he was convicted – violates his rights under the Ex Post Facto Clause. As respondent notes,
8  petitioner is a member of the class of prisoners litigating this same claim in Gilman v. Brown, et
9  al., E. Dist. Cal. no. 2:05-CV-0830-LKK-CKD.[3] Because petitioner's interests in this claim are
10 being adequately represented by the class in Gilman, petitioner should not be allowed to proceed
11 with a separate action raising the same claim. See Colt v. Swarthout, 2011 WL 4710804, at *2-3
12 (E.D. Cal. 2011); Rivers v. Swarthout, 2011 WL 6293756, at pages 2-3 (E.D. Cal. 2011).
13 Petitioner's Marsy's Law claim should be dismissed.

14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /

---

[3] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).
    The Gilman class is defined as all California prisoners, such as petitioner, serving life sentences with the possibility for parole for crimes occurring before November 4, 2008.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 16) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 12, 2014

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE